# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-09-146-D |
| | ) | |
| MELVIN BROWN CHILDS, III, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On May 21, 2009, Defendant pled guilty to both counts of a two-count Information charging him with wire fraud under 18 U.S.C. § 1343 and money laundering under 18 U.S.C. § 1957(a). He was sentenced to probation for a term of five years as to each count, to be served concurrently, and ordered to pay restitution in the amount of $357,963.89. Pursuant to the Mandatory Victim Restitution Act of 1996 (MVRA), 18 U.S.C. §§ 3613(a), (f), the government submitted discovery requests to Defendant in its efforts to enforce the restitution order. The present dispute stems from the government's efforts to obtain discovery regarding, among other things, Defendant's financial condition.

On April 25, 2017, the Court denied the government's initial Motion to Compel Discovery, with the exception that it directed Defendant to supplement his answers to the government's interrogatories with a sworn verification [Doc. No. 63]. However, the Court granted the government's Second Motion to Compel Discovery

and directed Defendant to provide responses (verified, where necessary) within thirty (30) days. *Id*. The Court also directed Defendant, who was appearing pro se, to familiarize himself with the Federal Rules of Civil Procedure and the Local Rules of this Court as they related to his discovery obligations. *Id*.

Shortly after the Court's ruling, the government moved for sanctions against Defendant [Doc. No. 66]. It contended that, contrary to the Court's directive, Defendant was still evasive and refused to cooperate in discovery. It requested that the Court issue an order "[placing Defendant] on notice that his continued failure to make disclosures and produce materials in his possession, custody, or control will subject him to the Court's civil contempt power….With a reprimand and warning, the Court may present him a choice. Going forward, he can participate meaningfully in the discovery process, or he can risk contempt proceedings and confinement until he decides to obey the Court's discovery orders." *See* Motion For Discovery Sanctions at 21-22 [Doc. No. 66]. Defendant responded to the motion [Doc. No. 67], which the government moved to strike [Doc. No. 68].

The government subsequently filed a motion for Defendant to appear and show cause why he should not be held in civil contempt. [Doc. No. 99]. The government stated Defendant still had not supplemented his responses as directed and continued his refusal to cooperate in discovery. It requested that Defendant be held in civil contempt and confined until he agreed to obey the Court's orders and

participate meaningfully in discovery. *Id.* at 17. Less than a week later, Defendant retained counsel, who entered an appearance [Doc. No. 101].

Nonetheless, Defendant has not responded to the motion for contempt nor has he sought an extension of time to do so. Defendant's failure to respond to the government's motion essentially renders it confessed. *See* LCvR 7.1(g). However, considering the punitive nature of the government's request, the Court finds a response is required. *See F.T.C. v. Kuykendall*, 371 F.3d 745, 754 (10th Cir. 2004) ("[I]n civil contempt proceedings all that is required to satisfy the Due Process Clause is that defendants be given reasonable notice and an opportunity to be heard.") (citing *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994)).

Accordingly, Defendant is directed to respond to the government's motion for contempt by **Friday, March 30, 2018**.[1] The Court reminds Defendant and his counsel that Defendant has been admonished regarding his obligations before this Court, participating in the discovery process, and that the failure to comply with the Court's rulings could result in the imposition of sanctions, including the striking of his filings and a contempt of court citation. With that in mind, the Court expects counsel to be as cooperative and civil as possible and to try to remove, rather than

---

[1] The Court finds the government's request for contempt renders the aforementioned motion for sanctions and motion to strike moot.

3

erect, obstacles to the prompt and efficient completion of discovery in this matter. It is the Court's hope and expectation that with good faith and cooperation on both sides, there will be no additional need to burden the Court with discovery-related motions.

**IT IS SO ORDERED** this 15th day of March 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE